IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONALD SHARP,

    Plaintiff,

vs.                                                                       No. CIV 21-00879 JB/KRS

CARMEN E. GARZA; LAURA FASHING;
MARTHA VAZQUEZ; KEA RIGGS,
STEVEN C. YARBROUGH; GREGORY B.
WORMUTH; JOHN F. ROBBENHAAR and
ALL FEDERAL JUDGES OF THE UNITED
STATES,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**STRIKING CIVIL COMPLAINT AND CLOSING CASE**

**THIS MATTER** comes before the Court sua sponte under rule 11(a) of the Federal Rules of Civil Procedure on the Plaintiff Donald Sharp's Civil Complaint, filed September 7, 2021 (Doc. 1)("Complaint").  The Court will strike the unsigned Complaint as rule 11(a) of the Federal Rules of Civil Procedure and D.N.M. LR-Civ. 10.3(b) require, and will close this civil case.

**THE LAW REGARDING SIGNING OF PLEADINGS**

Rule 3 of the Federal Rules of Civil Procedure states that "[a] civil action is commenced by filing a complaint with the court."  Fed. R. Civ. P. 3.  Under the Federal Rules of Civil Procedure, the real party in interest must prosecute each action.  See Fed. R. Civ. P. 17(a).  Rule 8 of the Federal Rules of Civil Procedure provides:

A pleading that states a claim for relief must contain:

(1)     a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).  Rule 11 states:

> (a) Every pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented . . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the party's attention.
>
> (b) By presenting to the court a pleading, written motion, or other paper . . . an unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of the litigation;
>>
>> (2) the claims defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>>
>> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>>
>> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonable based on belief or a lack of information.

Fed. R. Civ. P. 11.  Rule 11 authorizes the imposition of sanctions for violation of the rule.  See Fed. R. Civ. P. 11(c); Rapchak v. Bowen, No. CIV 19-0186 JB\CG, 2020 WL 1308571, at *1-2 (D.N.M. March 19, 2020)(Browning, J.).  D.N.M. LR-Civ. 10.3(b).  also provides that "[a] paper filed without a signature will be stricken unless it is signed within fourteen (14) days after the omission is called to the party's attention."

## THE COURT WILL STRIKE THE UNSIGNED CIVIL COMPLAINT

Plaintiff Donald Sharp filed his Complaint on September 7, 2021.  See Complaint at 1.  Plaintiff Sharp is proceeding pro se.  Sharp did not sign the Complaint, in violation of the rule 11(a)'s requirements.  On September 9, 2021, The Honorable Kevin Sweazea, United States Magistrate Judge for the United States District Court for the District of New Mexico, notified Sharp of rule 11(a)'s signature provision and the requirement that he remedy the omission of his signature within fourteen days under rule 11(a) and D.N.M. LR-Civ. 10.3(b).  See Notice of Fed. R. Civ. P. 11(a) Omission, filed September 9, 2021 (Doc. 2)("Notice").  The Notice informed Sharp that, if he did not remedy the omission of his signature within fourteen days, the Court would strike his Complaint.  See Notice at 1.

More than fourteen days has elapsed since the Court notified Sharp of the rule 11(a) omission.  Sharp has not remedied the omission of his signature as rule 11(a) and D.N.M. LR-Civ. 10.3(b) require.  The Court, therefore, will strike the Complaint and will close this civil case.  Also pending before the Court are the Plaintiff's Motion to Enter Evidence, Facts, and Grounds, filed September 9, 2021 (Doc. 3), the Plaintiff's Motion to Enter Evidence, filed September 22, 2021 (Doc. 7), and the Plaintiff's Motion to Discharge All Fees and Costs, filed September 27, 2021 (Doc. 8).  The Court will deny the Motions as moot in light of this Order striking the Complaint.

**IT IS ORDERED** that: (i) Plaintiff Donald Sharp's Motion to Enter Evidence, Facts, and Grounds, filed September 9, 2021 (Doc. 3), Motion to Enter Evidence, filed September 22, 2021 (Doc. 7), and Motion to Discharge All Fees and Costs, filed September 27, 2021  (Doc. 8) are denied as moot; (ii) Plaintiff Donald Sharp's Civil Complaint, filed September 7, 2021 (Doc.1), is stricken; and (iii) this civil case is closed.

- 4 -

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Donald Sharp
Milan, New Mexico

    *Plaintiff Pro se*